# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANWAR RIZVI, | ) | Civil Action No. 2: 16-cv-1716 |
| | ) | |
| Petitioner, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| ROBERT GILMORE (WARDEN) and | ) | |
| THE DISTRICT ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION[1]

Presently before the Court is a counseled petition for a writ of habeas corpus filed on behalf of state prisoner Anwar Rizvi ("Petitioner"), in which he challenges the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County, Pennsylvania, on August 11, 2009. Respondents have filed their Answer to the Petition (ECF No. 14), in which they argue, *inter alia*, that the Petition is untimely and should be dismissed on that ground. After careful consideration of the parties' submissions, and for the reasons discussed below, the Petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d) and a certificate of appealability will be denied.

**I.    Procedural History[2]**

On August 11, 2009, Petitioner, Anwar Rizvi, was sentenced to 15 - 30 years

---

[1].    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge.  *See* ECF Nos. 11 and 16

[2]    The factual background of Rizvi's criminal case is not relevant to the Court's determination of whether the petition was filed in a timely fashion. However, the factual background may be found in Respondents' Answer. *See* Ans. (ECF No. 14).

1

incarceration after a jury convicted him of attempted homicide. He filed a direct appeal to the Pennsylvania Superior Court. Prior to the Superior Court's disposition of his direct appeal, Rizvi was transferred to a correctional institution in the Commonwealth of Virginia as part of an agreement between the Virginia Department of Corrections ("VA DOC") and the Pennsylvania Department of Corrections ("PA DOC"), whereby Virginia agreed to house 1,000 Pennsylvania male prisoners.

On January 10, 2011, the Pennsylvania Superior Court affirmed Rizvi's judgment of sentence. He did not file a petition for appeal by allowance with the Pennsylvania Supreme Court. Accordingly, Rizvi's judgment of sentence became final on February 9, 2011. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review).

According to Rizvi, it was during the time that he was incarcerated in Virginia that he encountered difficulties with conducting legal research which made preparation of a timely PCRA petition and federal habeas petition impossible. He claims, inter alia, that the Virginia correctional facility in which he was housed contained an underequipped library that could only accommodate several inmate researchers at a time, impeding his ability to conduct meaningful conventional or computer-based research and that his ability to access the prison's legal resources and law library was limited, at best.

By late February 2012, Rizvi returned to the PA DOC's custody and was housed at SCI-Graterford. On March 28, 2012, Rizvi filed a *pro se* motion entitled "Motion for Court Order to Permit Appellant a First PCRA Opinion *Nunc Pro Tunc*," which was properly construed by the

court as a PCRA petition and counsel was appointed to represent Rizvi.[3]  In this motion, Rizvi requested that the PCRA court confirm that it would apply equitable tolling principles and the PCRA's government interference exception to the statutory time-bar to find his petition timely. In his motion, Rizvi raised almost identical issues to the ones raised in the instant federal petition - that inadequacies within the VA DOC prison system made legal research and preparation of a timely appeal impossible.

On October 17, 2012, court-appointed counsel filed a "no merit" letter advising the court that the petition had no arguable merit.  Counsel also stated that while the petition was filed late, the delay was beyond Rivzi's control due to "mail delay" and because the court had granted Rivzi's *nunc pro tunc* motion, the petition had been timely filed.  By Order of October 23, 2012, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition as meritless.  On November 13, 2012, the PCRA court issued a summary final order dismissing the PCRA petition, but did not give any explanation as to why the petition was denied.

On January 13, 2013, Rizvi filed a *pro se* notice of appeal to the Pennsylvania Superior Court, sixty-six days after the final order dismissing the PCRA petition was entered. By Order dated April 24, 2013, the PCRA court recommended that the appeal be quashed due to the Notice of Appeal being filed beyond the 30 day time period set forth in Pa.R.A.P. 903(a).  On September 25, 2013, Chris Rand Eyster, a privately retained attorney, entered his appearance on Rizvi's behalf to represent him on appeal.  The Superior Court affirmed the dismissal of the PCRA petition by Order dated June 16, 2014, finding that the dismissal was proper as the motion was an untimely first PCRA petition:

---

[3]  Under Pennsylvania law, all motions filed after a judgment of sentence is final are to be construed as PCRA petitions. *Commonwealth v. Fowler,* 930 A.2d 586, 591 (Pa. Super. 2007). This includes any request for *nunc pro tunc* relief. *Commonwealth v. Hall,* 771 A.2d 1232, 1236 (Pa. 2001).

> Additionally, a petitioner asserting a timeliness exception must file a petition within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of the direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).
>
> Instantly, Appellant's judgment of sentence became final on February 9, 2011, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. See Pa.R.A.P. 1113 (allowing thirty days to file petition for allowance of appeal). Appellant file his pro se motion on April 9, 2012, more than one (1) year after his judgment of sentence became final. Therefore, Appellant's petition is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Additionally, Appellant's PCRA petition fails to establish any cognizable exception to the PCRA timeliness requirements. See 42 Pa.C.S.A. § 9545(b)(1). Accordingly, the PCRA court properly dismissed the petition.

(ECF No. 1-18 at 4-5).

Petitioner, through counsel, filed an application for reargument before the Superior Court *en banc*. This request was denied on August 19, 2014, and the following month, on September 17, 2014, counsel filed a petition for appeal by allowance ("PAA") with the Pennsylvania Supreme Court. The PAA was denied on February 18, 2015.

Almost a year later, on January 17, 2016, Petitioner, through present counsel, Craig M. Cooley, filed a second PCRA petition.[4] Rizvi argued that both equitable tolling principles and

---

[4] Petitioner incorrectly refers to this petition as his first PCRA petition. ECF No. 1, ¶ 37. But as explained by the Pennsylvania Superior Court, this petition was Rizvi's second under the PCRA:

> Appellant contends that his first petition was not a PCRA petition, but simply a request that the court accept an imminent filing as a PCRA petition *nunc pro tunc*. Appellant, however, was asking the PCRA court to do what it could not do, for it was well-settled at the time, and remains so, that the PCRA provides the "sole means" for obtaining nunc pro tunc relief, and all claims seeking reinstatement of appellate rights are subject to the PCRA timeliness requirements . . . .The PCRA court and this Court on appeal both correctly deemed Appellant's self-styled "motion" as a first PCRA petition and reviewed

4

statutory exceptions to the time bar applied to except his otherwise patently untimely petition from the PCRA's timeliness requirements. The PCRA court issued a Rule 907 Notice of its intent to dismiss the second petition because it was untimely. Through counsel, Rizvi filed objections to the Notice, but on October 26, 2016, the PCRA court entered its final dismissal order.

Thereafter, Attorney Cooley filed a timely notice of appeal to the Superior Court. By Opinion filed June 19, 2017, the Superior Court affirmed the dismissal of the PCRA petition, finding no error with the PCRA court's dismissal of the second petition as untimely, as the court was without jurisdiction to review the merits of the claims.

On November 15, 2016, while the appeal of his second PCRA petition was pending, Petitioner, through Attorney Cooley, filed the instant federal habeas petition in this Court (ECF No. 1), with brief in support (ECF No. 3). Contemporaneously with filing the Petition, Rizvi requested and was granted a stay of the proceedings in this Court pending exhaustion of his state court remedies. On September 12, 2017, Attorney Cooley advised the Court that on June 19, 2017, the Superior Court affirmed the dismissal of the second PCRA petition as untimely. The case thereafter was reopened and on October 19, 2017, Respondents filed a response to the petition. (ECF No. 14).

## II. Discussion

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-

---

it under the PCRA's timeliness provisions. Accordingly, this petition is Appellant's second under the PCRA, despite his protestations to the contrary.

Superior Court Opinion, filed June 19, 2017. (emphasis in original; internal citations omitted) (ECF No. 14-3).

year limitations period within which a state prisoner must file a federal habeas petition. Generally, the limitations period begins to run on the date the judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id.; see Gonzales v. Thaler*, 565 U.S. 134 (2012). One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). Furthermore, the AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

Petitioner's judgment became final on February 9, 2011. Under AEDPA, he needed to file his federal habeas petition within one year of that date, or February 9, 2012. Since Rizvi did not file the instant petition until approximately 4 years and 9 months (or 1714 days) beyond that date, the petition is facially untimely and must be dismissed unless Petitioner can show that the limitations period should be tolled, either statutorily or equitably, or that an alternate date should apply.

**B. Statutory Tolling**

Section 2244(d)(2) provides that "[t]he time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Rizvi filed the instant federal habeas petition, over five (5) years

6

after his judgment of sentence had become final. Rizvi concedes his petition is untimely. A properly filed post-conviction petition tolls AEDPA's statute of limitations. *Id*. "A state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert,* 552 U.S. 3, 5, (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Because the state court dismissed both Rizvi's first and second PCRA petitions as untimely, he is not entitled to statutory tolling under § 2244(d)(2) for the time he spent litigating these two petitions.[5]

## C. Equitable Tolling

Although AEDPA's statute of limitations is subject to equitable tolling, the Third Circuit Court of Appeals has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Equitable tolling is thus only appropriate when "'the principles of equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *Id.* at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se*

---

[5] This Court "must defer" to the holdings of the state courts on whether a PCRA petition is untimely. *See Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

Rizvi acknowledges that the instant habeas petition was filed more than one year after his judgment became final, but argues that he is entitled to equitable tolling because exceptional circumstances prevented him from timely filing both his PCRA petition and his §2254 petition. For the reasons below, the Court finds that Petitioner has failed to demonstrate that equitable tolling of the one-year limitation period is warranted in this case.

Generally, a litigant seeking equitable tolling bears the burden of establishing two requirements: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida,* 560 U.S. 631 (2010) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). "This conjunctive standard requires showing <u>both</u> elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

With respect to the first equitable tolling requirement, the diligence must be reasonable, not maximum, extreme or exceptional. With respect to the second equitable tolling requirement, the court measures subjectively whether petitioner faced "extraordinary circumstances" that prevented him from timely filing his §2254 petition. Finally, there must be a causal connection, or nexus, between the extraordinary circumstances petitioner faced and his failure to file a timely § 2254 motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (noting a habeas petitioner must prove an "extraordinary circumstance stood in his way <u>and</u> prevented timely filing.")(emphasis

added).

In support of equitable tolling, Rizvi argues that his inability to access the prison's legal research resources and law library while incarcerated at VA DOC prevented him from "'adequate opportunity to present his [state and federal] claims fairly'." Pet. at 12 (quoting *Bounds v. Smith,* 430 U.S. 817, 823 (1977). He also argues that during his time at VA DOC he did not have an attorney and that he did not have his trial and sentencing transcripts or his pre-trial discovery. All he had were the appellate pleadings filed by his appellate counsel and the Superior Court's opinion affirming his conviction and sentence. And last, Petitioner contends that "the manner in which appointed PCRA counsel, the Commonwealth and the PCRA court addressed the timeliness issue led Mr. Rizvi to believe the PCRA court reinstated his PCRA rights nunc pro tunc." Pet. at 14.[6]

Accepting all of Rizvi's arguments as true, including that he had been misled that his PCRA's rights had been reinstated *nunc pro tunc*, the Court finds that Rizvi fails to satisfy the Court that: (1) he or his counsel diligently pursued his rights; and (2) an extraordinary circumstance prevented him from filing a timely federal habeas petition. Assuming that Rizvi's PCRA rights had been reinstated *nunc pro tunc,* the instant habeas petition would still be untimely. Rizvi should have filed a federal habeas petition by February 18, 2016, one year from February 18, 2015, the date the Pennsylvania Supreme Court denied the PAA on his first

---

[6] The Court notes that while "at least sometimes, an attorney's unprofessional conduct can be so egregious as to create an extraordinary circumstance," "equitable tolling is not warranted for a 'garden variety claim of excusable neglect.'" *Holland*, 560 U.S. at 633; *see also Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2002) (attorney negligence in failing to <u>properly advise</u> a client is generally "an insufficient basis for equitable tolling") (emphasis added); *LaCava,* 398 F.3d at 274 ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

9

petition. Rizvi offers no explanation as to why the instant habeas petition was not filed until November 15, 2016, approximately 636 days later. Rizvi had been back in Pennsylvania custody since late February 2012, the impediments to conducting legal research had been removed, he had retained private legal counsel since September 25, 2013,[7] and he "knew with certainty" that as of February 18, 2015, his PCRA petition had been denied as untimely.[8] *See* Pet. at ¶ 40(iv) (ECF No. 1) ("Consequently, on February 18, 2015, Mr. Rizvi knew with certainty that his PCRA petition was untimely. By this point, however, AEDPA's one-year limitations period had been expired for more than three years.").

The record is void of any evidence that Rizvi or his counsel (i) pursued his rights diligently and/or (ii) that some extraordinary circumstance stood in their way and prevented timely filing. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (*quoting Holland,* 560 U.S. at 648-49)). As a result, there is no basis for the Court to apply the doctrine of equitable tolling to remedy the untimeliness and the petition will be dismissed as time barred.[9]

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides

---

[7] On September 25, 2013, Attorney Chris R. Eyster entered his appearance to represent Rizvi on appeal. On January 28, 2016, Attorney Craig M. Cooley filed on Rizvi's behalf the second PCRA petition.

[8] However, rather than filing a federal habeas petition within one year of February 18, 2015, Rizvi filed a second PCRA petition on January 28, 2016. And again, Rizvi delayed in filing his habeas petition. He waited until November 15, 2016, after the petition had been dismissed by the PCRA court and was on appeal, to file the instant petition and asked this Court to stay the matter while he exhausted his state court remedies. The record is void of any explanation as to why he could not file a federal habeas petition after the conclusion of his first PCRA proceedings.

[9] Because the petition will be dismissed as time barred, the Court declines to address the merits of Rizvi's petition.

that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

**IV.     Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus is time-barred and no tolling applies to remedy the untimeliness. A certificate of appealability will be denied. A separate Order follows.

DATED: December 6, 2017

                                                       BY THE COURT:

                                                      s/ Cynthia Reed Eddy
                                                      Cynthia Reed Eddy
                                                      United States Magistrate Judge

cc:      Craig M. Cooley
          Innocence Project
          (via ECF electronic notification)

          Daniel A. Vernacchio
          Office of the District Attorney
          (via ECF electronic notification)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANWAR RIZVI, | ) | Civil Action No. 2: 16-cv-1716 |
| | ) | |
| Petitioner, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| ROBERT GILMORE (WARDEN) and | ) | |
| THE DISTRICT ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

**AND NOW,** this 6th day of December, 2017, for the reasons set forth in the accompanying Memorandum Opinion, the Petition for Writ of Habeas Corpus is dismissed as untimely. **IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Craig M. Cooley
Innocence Project
(via ECF electronic notification)

Daniel A. Vernacchio
Office of the District Attorney
(via ECF electronic notification)